**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT J. HONAKER, )<br>)<br>    Plaintiff )<br>)<br>)<br>    v. )<br>)<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, )<br>LLC, a wholly-owned subsidiary of )<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, INC., )<br>)<br>    Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

ROBERT J. HONAKER ("Plaintiff"), by and though his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendant conducts business and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Newark, Delaware, 19771.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. The alleged debt, a Capital One credit card account, arose out of transactions, which were primarily for personal, family, or household purposes.

14. Plaintiff disputes owing the alleged debt.

15. Beginning in August 2011, and continuing through April 2012, Defendant repeatedly and continuously contacted Plaintiff on his home telephone seeking and demanding payment of the alleged debt.

16. At times, Defendant contacted Plaintiff as frequently as twice a day in its attempts to collect the alleged debt.

17. On more than one occasion, Plaintiff informed Defendant that he had satisfied the alleged debt with a previous debt collection company, Associated

Recovery Systems.

18. Plaintiff informed Defendant that he would send proof of payment.

19. In response, Defendant insisted that they still could collect the alleged debt.

20. Plaintiff sent Defendant documentation showing that on January 29, 2010, he authorized Associated Recovery Systems, Inc. to electronically debit $1,840.33 from his checking account in full satisfaction of the Citibank credit card account. See Exhibit A, Plaintiff's proof of payment.

21. The check was endorsed by Associated Recovery Systems, Inc., and the funds withdrawn from Plaintiff's checking account. See Exhibit A.

22. Despite having been provided with proof of payment, Defendant continued to contact Plaintiff in an attempt to collect on the account that had been paid in full.

23. In fact, Plaintiff sent a second letter to Defendant, again providing proof of payment, so that Defendant could update its records and stop contacting him; however, Defendant persisted in attempting to collect the debt. See Exhibit B, Plaintiff's letter to Defendant.

24. Defendant knew or had reason to know that the debt was not owed, never investigated and/or failed to take note that whatever it purchased from the original creditor bearing Plaintiff's name was not in fact an unpaid debt.

25. Defendant knew that its collection methods were premised upon an outstanding debt being owed but also know that a number of accounts it purchased from the original creditor were not due and payable at the time they were acquired by Defendant. Despite this, Defendant still initiated and maintained collection activities to secure unjust enrichment and windfall receivables.

26. Defendant had no lawful basis to seek collection of the debt, before and certainly after being provided information showing the debt had been paid previously.

27. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Here, Defendant violated §1692d of the FDCPA by calling Plaintiff multiple times in its attempts to collect a debt that had already been paid, with the intent to annoy, abuse and harass

Plaintiff.

## COUNT II

a. A debt collector violates §1692e of the FDCPA by using unfair and unconscionable means in connection with the collection of a debt.

b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c. Here, Defendant violated §§1692e and 1692e(2)(A) of the FDCPA by falsely representing the legal status of a debt, in that it claimed Plaintiff owed a debt when in fact the debt had been paid in 2010.

## COUNT III

a. A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means in connection with the collection of a debt.

b. A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c. Here, Defendant violated §§1692f and 1692f(1) by collecting a debt that Plaintiff did not owe, as the debt had been paid. Furthermore, Defendant violated §1692f by failing to investigate

the information provided by Plaintiff and/or update its records to avoid the further harassment of Plaintiff.

WHEREFORE, Plaintiff, ROBERT J. HONAKER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

PLAINTIFF'S COMPLAINT

1
2
3   Date: 01/03/2013
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: */s/ W. Christopher Componovo*
W. Christopher Componovo
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: (302) 791-9373
Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT